UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORM VONGPHOSY, | No. 2:21-mc-00001 KJM CKD PS |
| Petitioner, | |
| v. | ORDER DISMISSING PETITION WITH LEAVE TO AMEND |
| DEPARTMENT OF IMMIGRATION CUSTOMS ENFORCEMENT, | |
| Respondent. | |

Petitioner Norm Vongphosy proceeds pro se in this action. Petitioner has paid a filing fee. This matter was referred to the undersigned by Local Rule 302(c)(21). Petitioner has filed a petition to change his date of birth, which the court construes as a petition to amend a court-issued Certificate of Naturalization.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner seeks to change the date of birth as reflected on his Certificate of Naturalization from January 10, 1959, to September 18, 1955, on the basis that the January 10, 1959 date is incorrect. Petitioner alleges that while staying in a refugee camp in Thailand during the years of 1984 to 1986, his recorded date of birth was changed without his knowledge from the correct date of September 18, 1955 to the incorrect date of January 10, 1959. At some point, petitioner obtained his original birth certificate issued by the Lao Royal government and now seeks to have

1

1  the date on his naturalization certificate changed. (ECF No. 1 at 1.)

2  In 2011, petitioner submitted to the United States Citizenship and Immigration Services
3  ("USCIS") a "Form N-565" (Application for Replacement Naturalization/Citizenship Document),
4  requesting to change the date of birth currently reflected on his naturalization certificate. (See
5  ECF No. 1 at 2.) The USCIS responded to petitioner the USCIS "does not have the authority to
6  change a date of birth. Only a US Federal District Court having jurisdiction over your
7  naturalization proceedings has the authority to order a change to an applicant's date of birth."
8  (Id.)

9  On January 6, 2021, petitioner initiated the instant action by filing his petition to change
10 date of birth. (ECF No. 1.) Respondent, the Department of Immigration Customs Enforcement,
11 has not been served.

12 **II.     ANALYSIS**

13      **A.  JURISDICTION**

14 The court has an "independent obligation to determine whether subject matter jurisdiction
15 exists." Collins v. U.S. Citizenship and Immigration Services, 820 F.3d 1096, 1099 (9th Cir.
16 2016) (quoting Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006)). A federal court has
17 jurisdiction over a petition to modify a court-issued Certificate of Naturalization only if that court
18 issued the certificate before the passage of the Immigration Act of 1990. See Collins v. U.S.
19 Citizenship and Immigr. Services, 820 F.3d 1096, 1098-1100, & n.1 (9th Cir. 2016); Onwualu v.
20 U.S. Citizenship & Immigr. Servs., Dir., No. CV 14-09023 DDP ASX, 2018 WL 2771150, at *3
21 (C.D. Cal. June 7, 2018).

22 Petitioner has not demonstrated or alleged that the Eastern District of California originally
23 issued his naturalization certificate prior to the enactment of the Immigration Act of 1990. Thus,
24 the petition fails to establish this court's jurisdiction. See Collins, 820 F.3d at 1098-1100 & n.1.

25 This jurisdictional deficiency could potentially be remedied in an amended petition. The
26 petition will be dismissed with leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1130 (9th
27 Cir. 2000) (en banc) ("A district court should grant leave to amend even if no request to amend
28 the pleading was made, unless it determines that the pleading could not possibly be cured by the

allegation of other facts."). In any amended petition that petitioner files, he must show that the Eastern District of California issued his naturalization certificate, and on what date.

### B.  EVIDENCE OF TRUE DATE OF BIRTH AND ABSENCE OF FRAUD

In addition, in any amended petition that petitioner may file, he should include (1) clear evidence of his true date of birth and (2) sufficient factual allegations to show there are no concerns he acted fraudulently in representing his date of birth in his initial naturalization petition. See Bazouzi v. Johnson, No. 14-MC-80261-JST, 2015 WL 1968004, at *3 (N.D. Cal. May 1, 2015) (holding a district court may grant amendment to the date of birth on a Certificate of Naturalization "where the petitioner has presented clear evidence of [his] true date of birth and there are no concerns that petitioner acted fraudulently in representing [his] date of birth in [his] initial naturalization petition."). This test properly guards against fraud and ensures the accuracy of any changes but does not set an unduly burdensome standard for petitioners seeking to navigate the already byzantine procedures that govern amendment of official documents. Id. at *4. This test has been applied by a majority of the courts in the Northern District of California to have considered the issue. Bazouzi, 2015 WL 1968004, at *3. It has also been applied by the Eastern District of California, and by other courts in the Ninth circuit. E.g., Lai Dinh v. United States Citizenship & Immigr. Servs., No. 2 19-cv-01455 TLN JDP, 2021 WL 516803, at *2 (E.D. Cal. Feb. 11, 2021); Thumajaree v. United States Citizenship & Immigration Servs., No. 3:13-MC-00436-HZ, 2014 WL 1309343, at *3 (D. Or. Mar. 30, 2014).

In the present petition, petitioner states the record of his date of birth was changed without his knowledge from the correct date of September 18, 1955, to the incorrect date of January 10, 1959, while he was at a refugee camp in Thailand from 1984 to 1986. (ECF No. 1 at 1.) Petitioner does not, however, include a sworn declaration, or explain the details of how he came to be naturalized with the incorrect date of birth. According to USCIS and former Immigration and Naturalization Service records, petitioner previously verified under oath that the January 10, 1959 date was correct. (ECF No. 1 at 2.) In any amended petition that petitioner may file, he may want to set forth in a sworn declaration why he previously verified the incorrect date, the circumstances of obtaining his original birth certificate, and sufficient explanation to plausibly show an absence

1  of any significant signs of fraudulent activity. See Dinh, 2021 WL 516803, *2-3 (finding
2  sufficient showing of true date of birth where the petitioner "provides a declaration in which she
3  avers that her cousin in Vietnam discovered her original birth certificate years after she had
4  escaped the communist regime and fled to Thailand"); see also Bazouzi, 2015 WL 1968004, at
5  *5-6 (original birth certificate with translation and declaration sufficient to establish correct
6  birthdate; Thumajaree, 2014 WL 1309343, at *3 (finding the petitioner's testimony under oath at
7  an evidentiary hearing, along with a Thai birth certificate and college transcripts, constituted clear
8  and convincing evidence of the petitioner's true date of birth).

9      In addition, petitioner has attached copy of what he states is his original birth certificate
10 without an accompanying notarized English translation. (ECF No. 1 at 4.) The court is unable, at
11 the present time, to ensure the document's authenticity. In any amended petition that he may file,
12 petitioner may want to include a notarized English translation of his birth certificate. See Dinh,
13 2021 WL 516803, at *2 (crediting a birth certificate issued by a court in Vietnam, along with a
14 notarized English translation, as reflecting the petitioner's correct birthdate); In re Chehrazi, No.
15 C 12-80110 WHA 2012 WL 3026537, at *3 (N.D. Cal. Jul. 24, 2012) (crediting a professionally
16 translated birth certificate as reflecting the petitioner's correct birthdate).

17    **III.   CONCLUSION**

18     The petition as it is currently filed fails to establish this court's jurisdiction and fails to
19 show clear evidence of petitioner's true date of birth. Petitioner should be afforded the
20 opportunity to file an amended petition. Likewise, the Unites States should be afforded the
21 opportunity to be heard in opposition. Accord, Dinh, 2021 WL 516803 (granting a petition
22 unopposed by the USCIS); Bazouzi, 2015 WL 1968004, at *5-6 (granting a petition over the
23 opposition of the USCIS and the Secretary of the Department of Homeland Security); Chehrazi,
24 2012 WL 3026537, at *2 (granting the petition over the United States' motion to dismiss). The
25 proper respondent is the USCIS. See Collins, 820 F.3d 1096; Dinh, 2021 WL 516803; Bazouzi,
26 2015 WL 1968004, at *5-6; Thumajaree, 2014 WL 1309343, at *3.

27     Petitioner is informed that Local Rule 220 requires that any amended petition be complete
28 in itself without reference to a prior petition. As a general rule, an amended pleading supersedes

the original pleading. Once an amended pleading is filed, the original pleading no longer serves any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

In accordance with the above, IT IS HEREBY ORDERED that:

1. The petition to change birth date, construed as a petition to amend a court-issued Certificate of Naturalization (ECF No. 1) is dismissed; and

2. Petitioner is granted thirty days from the date of service of this order to file an amended petition naming the USCIS as respondent; upon the filing of an amended petition naming the USCIS as respondent, the clerk of court shall issue a summons and new case documents and petitioner shall serve respondent with the summons and his amended petition; failure to file an amended petition in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  March 29, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
Vong.21mc0001.dism