UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORM VONGPHOSY,<br><br>    Petitioner,<br><br>v.<br><br>DEPARTMENT OF IMMIGRATION CUSTOMS ENFORCEMENT,<br><br>    Respondent. | No. 2:21-mc-0001-KJM-CKD PS<br><br>ORDER DISMISSING AMENDED PETITION WITH LEAVE TO AMEND |

Petitioner proceeds pro se and seeks to change the date of his birth as reflected on his certificate of naturalization. Respondent, the Department of Immigration Customs Enforcement, has not been served. In response to the court's order of March 29, 2021, petitioner has filed an amended petition. (ECF No. 3.)

**I.    THE AMENDED PETITION**

Petitioner seeks to change the date of birth reflected on his certificate of naturalization from January 10, 1959, to September 18, 1955, on the basis that the January 10, 1959 date is incorrect. As he alleged in his original petition, petitioner states in the amended petition that while staying in a refugee camp in Thailand during the years of 1984 to 1986, his recorded date of birth was changed without his knowledge from the correct date of September 18, 1955 to the incorrect

1

date of January 10, 1959. The amended petition clarifies that, in 2010, his sister found his original birth certificate and mailed it to him. Petitioner now seeks to have the date of birth recorded on his naturalization certificate changed. Petitioner has included with his amended petition a copy of his original birth certificate with an accompanying translation to English. (ECF No. 4 at 1-3.)

## II. THE AMENDED PETITION FIXES SOME, BUT NOT ALL, OF THE DEFECTS IDENTIFIED IN THE ORIGINAL PEITITION

Federal courts have jurisdiction to modify certificates of naturalization issued by the courts before the Immigration Act of 1990 came into effect. Collins v. U.S. Citizenship & Immigr. Servs., 820 F.3d 1096, 1099 (9th Cir. 2016). A district court may grant amendment to the date of birth on a Certificate of Naturalization "where the petitioner has presented clear evidence of [his] true date of birth and there are no concerns that petitioner acted fraudulently in representing [his] date of birth in [his] initial naturalization petition." Bazouzi v. Johnson, No. 14-MC-80261-JST, 2015 WL 1968004, at *3 (N.D. Cal. May 1, 2015); see also Lai Dinh v. United States Citizenship & Immigr. Servs., No. 2:19-cv-01455 TLN JDP, 2021 WL 516803, at *2 (E.D. Cal. Feb. 11, 2021). A federal court has jurisdiction to modify a court-issued certificate of naturalization only if that court issued the original certificate. Bazouzi, 2015 WL 1968004, at 1098-1100, & n.1.

The amended petition and its attachments make an improved claim for relief, but before the court will order service of any petition on respondent, petitioner must demonstrate that the Eastern District of California originally issued his naturalization certificate prior to the enactment of the Immigration Act of 1990. This is necessary in order to establish the court's jurisdiction. See Collins, 820 F.3d at 1099 (a court has an "independent obligation to determine whether subject matter jurisdiction exists").

In addition, in any further amended petition, petitioner must sign his written statements or declaration under penalty of perjury. While petitioner's allegations, which are presented in the form of a letter, are titled "sworn declaration" and include a notary signature on the following page, petitioner must additionally state that the matters stated are true and made under penalty of perjury in order for the court to be able to consider the declaration as evidence. See 28 U.S.C. §

2

1746; <u>Davenport v. Board of Trustees of State Center Community College Dist.</u>, 654 F.Supp.2d 1073, 1083 (E.D. Cal. 1999).

### III. GUIDELINES FOR A FURTHER AMENDED PETITION

Because the amended petition fails to establish this court's jurisdiction, it will be again dismissed with leave to amend. <u>See</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) ("A district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."). In any amended petition, petitioner should (1) demonstrate this court issued his naturalization certificate, and on what date, perhaps by attaching a copy of the certificate; and (2) include with his signature for his declaration or written statements in support of the petition a statement such as the following: "I declare under penalty of perjury that the foregoing is true and correct. Executed on (date)." <u>See</u> 28 U.S.C. § 1746. Petitioner is additionally reminded that Local Rule 220 requires that any further amended petition be complete in itself without reference to a prior petition. <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).

If petitioner files a further amended petition meeting the requirements set forth herein, then the court must still determine whether he "has presented clear evidence of [his] true date of birth and there are no concerns that petitioner acted fraudulently in representing [his] date of birth in [his] initial naturalization petition." <u>Bazouzi</u>, 2015 WL 1968004, at *3. Before the court makes such a determination, the Department of Immigration Customs Enforcement, as respondent, must be afforded an opportunity to be heard in opposition to the petition. Accordingly, if petitioner files a further amended petition, the court will screen the petition to determine whether this court's jurisdiction is established, and, if appropriate, order service of the amended petition on respondent.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The amended petition to change a court-issued certificate of naturalization (ECF No. 4) is dismissed; and

2. Petitioner is granted thirty days from the date of service of this order to file a further amended petition; upon the filing of a further amended petition, the court will screen

the petition for proper jurisdiction and, if appropriate, order service on respondent; failure to file an amended petition in accordance with this order will result in a recommendation that this action be dismissed.

Dated: May 5, 2021

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Vong.21mc0001.amendedpet.dism

4